IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James W. Wirtz, III,                :

    Plaintiff,                  : Case No.  2:11-cv-1131

  v.                                  : JUDGE GEORGE C. SMITH
                                          Magistrate Judge Kemp
Timothy Buchanan, et al.,           :

    Defendants.                 :

ORDER

    Plaintiff, James W. Wirtz, III, an inmate housed at Ross Correctional Institution, filed a civil rights complaint on December 22, 2011.  On February 8 and February 10, 2012, Defendants filed answers to the complaint.  On February 24, 2012, Mr. Wirtz filed a motion for leave to amend the complaint, which is the motion presently before the Court.  Defendants have opposed Mr. Wirtz's motion.  Mr. Wirtz did not file a reply and the deadline for doing so has passed.

    Mr. Wirtz does not seek leave to amend the body of the complaint but rather seeks leave to file exhibits to the complaint.  According to his affidavit, which was filed with his motion for leave to amend, Mr. Wirtz "was made to give his Complaint and Exhibits to his unit Sargent" who would then take those documents to the Institutional Cashier, who would send all of the paperwork to the Clerk of Courts.  When Mr. Wirtz's complaint was filed, there were no exhibits attached to it.  Mr. Wirtz's motion does not describe the exhibits that he claims should have been filed except as the "evidence [described] in this

complaint." See Mot. at Ex. 2.

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within: . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1). When Mr. Wertz filed his motion for leave to amend his complaint on February 24, he could have amended his pleading as a matter of course without permission from the Court.

After failing to amend his complaint within twenty-one days after service of the answers, Mr. Wertz "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) requires the Court to grant leave to amend "freely" if "justice so requires." Reasons for denying a motion for leave to amend include undue delay, prejudice to the opposing party, and futility of the amendment. See generally Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994); Midkiff v. Adams County Reg'l Water Dist., 409 F.3d 758, 767 (6th Cir. 2005).

Here there was no undue delay and no resulting prejudice to Defendants. In addition, it appears that the omission of the exhibits was a ministerial error beyond the control of Mr. Wirtz, and was one which Mr. Wirtz sought to correct in a timely fashion. See United States v. Lake City Malleable, Inc., 258 F. Supp. 241, 242 (N.D. Ohio 1966) (granting a motion for leave to amend where there was a typographical error even though that error caused a material change to the plaintiff's claim because permitting the correction was in the interest of justice). Furthermore, permitting Mr. Wirtz to add exhibits that

2

merely provide documentary support for the allegations in the complaint will not affect the claims brought. Therefore, it is in the interest of justice to grant Mr. Wirtz leave to supplement the complaint.

For the reasons set forth above, the Court grants Mr. Wirtz's motion for leave to amend the complaint (# 12). Mr. Wirtz is granted leave to file, within fourteen days, the exhibits that he included with his complaint when he originally provided it to his unit sergeant for filing.

<u>Procedure for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp<br>
United States Magistrate Judge