IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James W. Wirtz, III,              :

       Plaintiff,              :      Case No. 2:11-cv-1131

    v.                            :      JUDGE GEORGE C. SMITH

Timothy Buchanan, et. al,         :      Magistrate Judge Kemp

      Defendants.             :

REPORT AND RECOMMENDATION

    Plaintiff, James W. Wirtz, III, a state prisoner at the Ross
Correctional Institution, filed this action under 42 U.S.C. §1983
seeking damages for an alleged denial of medical care.  His
complaint names the following defendants:  RCI Warden Timothy
Buchanan, RCI Health Care Administrator Lisa Bethel, Podiatrist
Dr. Friday, Chief Medical Officer Dr. Gary Krisher, Institutional
Inspector Robert Whitten, ODRC Medical Director Dr. Andrew Eddy,
and a number of John and Jane Does, who have never been
identified.  Briefly, Mr. Wirtz claims that the defendants did
not replace his ankle brace after it was stolen (apparently by
another inmate) and that they also failed to provide him with
necessary accommodations, such as a bottom bunk assignment, while
he waited for the replacement brace.

    Mr. Wirtz filed two motions for summary judgment.  In
addition to responding to those two motions, defendants filed
their own motion for summary judgment, which is now fully
briefed.  For the following reasons, the Court will recommend
that judgment be entered in favor of the defendants.

I. Factual Background

    The facts recited here are taken from Mr. Wirtz's sworn
complaint, the exhibits attached to the complaint, and the

affidavits or declarations submitted with the summary judgment
motions.  As explained in the next section of this Report and
Recommendation, any disputed issues of fact will be resolved in
Mr. Wirtz's favor for purposes of ruling on the defendants'
summary judgment motion, but just the opposite standard will be
used with regard to the two motions which he has filed.  The
Court will not consider any of the affidavits filed with the
reply brief, however, because the requirement set forth in Local
Civil Rule 7.2(d) that "[e]vidence used to support a reply
memorandum shall be limited to that needed to rebut the positions
argued in memoranda in opposition," has not been met here, and
because defendants' failure to comply with that rule has
prevented Mr. Wirtz from responding to this new evidence, which
could easily have been submitted as part of defendants' original
motion.

        According to Mr. Wirtz, while he was incarcerated at the
Corrections Medical Center, he was examined by staff regarding
ankle pain and weakness and was issued an ankle brace (Complaint,
¶11).  Following this examination, Mr. Wirtz was transferred to
Ross Correctional Institution (Exhibits to Complaint, Doc. 21, at
15).  His ankle brace was stolen shortly thereafter (Complaint,
¶12), apparently on or about September 17, 2010.

        After the theft, Mr. Wirtz advised his unit Sergeant of the
theft and went on sick call.  When he saw a nurse, Mr. Wirtz was
given an ACE bandage and some ibuprofen and was referred to Dr.
Friday, the podiatrist.  Dr. Friday saw Mr. Wirtz about a month
to six weeks later and diagnosed right ankle ligament laxity.
However, instead of ordering a new brace, Dr. Friday told Mr.
Wirtz that he had to check to see whether the theft was Mr.
Wirtz' fault; apparently, ODRC has a policy (DRC policy 68-MED-
14) of not replacing items such as ankle braces at the State's

expense if the inmate was responsible in some way for the loss of that item.

Mr. Wirtz next saw Dr. Friday in January, 2011, at which time he was told that Dr. Friday was still checking on the issue of whether Mr. Wirtz was at fault for the loss of his ankle brace. (Complaint, ¶14). Although he was told he would be seen again in a month, Mr. Wirtz did not get back in to see Dr. Friday until June, 2011. It appears that Dr. Friday agreed to send Mr. Wirtz back to the Corrections Medical Center to have another brace made; a note from Nurse Rice dated September 10, 2011, so states. (Exhibits, at 7). On October 3, 2011, still not having received his ankle brace, Mr. Wirtz kited Ms. Bethel about the issue. (Exhibits, at 8). Mr. Wirtz had also asked for a bottom bunk restriction after he lost his brace, but this was not ordered until October 13, 2011. (Exhibits, at 11). A final disposition of his grievance on these issues, written by Mr. Whitten on November 1, 2011, shows that as of that date Mr. Wirtz was still waiting for the brace, although it had been ordered; Mr. Whitten's response also states that the reason for much of the delay was the fact that the incident report written by Sergeant Corey showed that Mr. Wirtz had admitted to leaving his cell door open when he went to shower, so that he was at fault for having his ankle brace stolen. Apparently, he got the new brace notwithstanding objections from RCI's chief medical officer. (Exhibits, at 17.1). While awaiting the brace, however, Mr. Wirtz fell while climbing down from his bunk and injured his head, wrist, shoulder and thigh. (Complaint, ¶29. X-rays taken following that fall were negative, see Exhibits, at 24.2, but Mr. Wirtz alleges that he has been in pain since the fall and has difficulty lifting his right arm above his head or

pushing or lifting more than 30 pounds.  He finally got his new brace on November 7, 2011.  (Complaint, ¶34).

## II. Legal Standard

The Court must grant a motion for summary judgment when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. Celotex, 477 U.S. at 323.

Since Mr. Wirtz signed his complaint under penalty of perjury, his complaint carries the same weight as would an affidavit for the purposes of summary judgment. El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008); see also Williams v. Brownman, 981 F.2d 901, 905 (6th Cir. 1992). In addition, his verification extended to the exhibits to the complaint.  As noted above, the Court must, when considering defendants' motion, give these materials evidentiary weight and draw all reasonable inferences from them in Mr. Wirtz' favor.

## III.  Mr. Wirtz's First Summary Judgment Motion

Mr. Wirtz's first summary judgment motion appears to be directed to some affirmative defenses raised in the defendants' answer, as well as to their general refusal to admit or deny allegations in the complaint due to "want of knowledge."  Mr. Wirtz argues that the defendants had adequate documentation to make a more specific response to his factual allegations, and that their defenses of lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies lack merit.  In response, defendants comment on the attack on the sufficiency of

their pleaded defenses only in passing, and argue that Mr. Wirtz did not adequately support his motion as required by Rule 56 and that he is therefore not entitled to summary judgment on the merits of his Eighth Amendment medical claim.

To some extent, the defendants' response falls wide of the mark.  A party may move for summary judgment on any issue in the case, and such motions need not be limited to the ultimate merits of that party's affirmative claim for relief.  See, e.g., Varela v. Demmon, 491 F.Supp. 2d 442 (S.D.N.Y. 2007)(treating defendants' motion to dismiss for failure to exhaust administrative remedies under the PLRA as one for partial summary judgment); see also Ferreri v. City of Strongsville, 2011 WL 114331, *10 (N.D. Ohio Jan. 13, 2011)("the Court rejects the Defendants' argument that it is not permissible for the Plaintiff to move for summary judgment on affirmative defenses").  It would appear that, just as a defendant might be entitled to summary judgment on the issue of failure to exhaust if the facts show a clear failure to do so, a plaintiff might be entitled to summary judgment on that issue if the facts show that he did properly exhaust all of his prison grievance remedies.  Further, as to any affirmative defense on which the defendants - who, in this case, are the non-moving parties with respect to the exhaustion defense - bear the burden of proof (and defendants do have that burden, see Surles v. Andison, 678 F.3d 452, 455 (6th Cir. 2012)), Mr. Wirtz, as the movant, need not produce evidence in support of a summary judgment motion.  Rather, on this type of issue, the non-moving party must, in response to a summary judgment motion, provide affirmative evidence in support of its claim.  As this Court held in The Way Intern., Inc. v. Executive Risk Indem., Inc., 2009 WL 3157403, *2 (S.D.Ohio Sept. 28, 2009), citing to Celotex, supra, at 322, "[s]ummary judgment must be entered

-5-

'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Further, if the motion rests on the absence of proof on such an issue, "[t]he burden ... shifts to the nonmoving party who 'must set forth specific facts showing that there is a genuine issue for trial.'" Id., quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250(1986), quoting former Fed.R.Civ.P. 56(e).

Here, defendants did not, in their response to Mr. Wirtz's first summary judgment motion, present any evidence on the issue of whether Mr. Wirtz properly exhausted his prison administrative remedies.  Thus, using the legal rules cited above, it would appear that Mr. Wirtz is entitled to summary judgment in his favor on the issue of exhaustion.

The other issues which defendants raised by way of defense, however (lack of subject matter jurisdiction and failure to state a claim) are not subject to the same analysis.  Unlike failure to exhaust, lack of subject matter jurisdiction is not an affirmative defense on which the defendants have the burden of proof.  Rather, from a procedural point of view, the defense of lack of subject matter jurisdiction is more properly raised in a motion filed under Fed.R.Civ.P. 12(b)(1), and under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Although the Court may consider, in ruling on such a motion, matters outside the pleadings, it still treats the motion as one to dismiss and is not entitled to convert the motion to one for summary judgment.  See Wheeler v. Hurdman, 825 F.2d 257, 259 (1987).  Further, it is the party invoking the Court's jurisdiction - here, Mr. Wirtz - who has at all times the burden

of demonstrating the existence of that jurisdiction.  "The burden
of persuasion for establishing ... jurisdiction, of course,
remains on the party asserting it." Hertz Corp. v. Friend, 130
S.Ct. 1181, 1194 (2010).  Thus, his summary judgment motion on
this issue is technically improper, although the Court agrees
with Mr. Wirtz that it has jurisdiction over claims brought by a
state prisoner against prison officials for constitutional
violations, see, e.g., Estelle v. Gamble, 429 U.S. 97, 106
(1976), and defendants have not argued otherwise.

The remaining issues raised by Mr. Wirtz's first motion are
directed both to the sufficiency of defendants' answer and to the
issue of whether he has stated a claim upon which relief can be
granted.  These issues both go to the merits of his underlying
Eighth Amendment claim and, at least with respect to the
defendants' failure to admit many of his allegations due to lack
of knowledge, are now of little consequence in light of the
development of the factual record through summary judgment
proceedings.  See, e.g., Granger v. Marek, 583 F.3d 781, 786 (6th
Cir. 1978)("'The very mission of the summary judgment procedure
is to pierce the pleadings and to assess the proof in order to
see whether there is a genuine need for trial.' Notes of Advisory
Committee on 1963 Amendment").  The Court will therefore
determine these issues on the basis of the summary judgment
motions directed to the merits of the case.

IV.  The Remaining Summary Judgment Motions

Mr. Wirtz's second summary judgment motion places the merits
of his Eighth Amendment claim directly in issue.  In response to
that motion, defendants argued, among other things, that the
motion was not properly supported by any evidence as required by
Fed.R.Civ.P. 56(c)(1)(A), which provides that a party who claims
that a certain fact cannot be disputed must support that

assertion by "citing to particular parts of materials in the
record, including depositions, documents, electronically stored
information, affidavits or declarations, stipulations (including
those made for purposes of the motion only), admissions,
interrogatory answers, or other materials ...."  In their own
motion, the defendants similarly place the merits of the case in
issue.  The Court will therefore treat these motions together
because they raise the same question for resolution, which is
whether there are genuine issues of material fact which require
resolution at trial rather than at the summary judgment motion
stage.

      The Court begins by reviewing the law applicable to a claim
of deliberate indifference to serious medical needs.  For an
inmate to prevail on a claim that a prison official has violated
his Eighth Amendment right to adequate medical care, he must both
demonstrate that a deprivation that is objectively "sufficiently
serious" and that the defendant prison official had a
"sufficiently culpable state of mind," such that he or she showed
"deliberate indifference" to the inmate's health and safety.
Farmer v. Brennan, 511 U.S. 825, 834 (1994).

      A "sufficiently serious" deprivation (including lack of
medical care) entails "incarcerat[ion] under conditions posing a
substantial risk of serious harm."  Farmer, 511 U.S. at 834.
Such a risk must be one which society deems "so grave that it
violates contemporary standards of decency to expose anyone
unwillingly to such a risk."  Helling v. McKinney, 509 U.S. 25,
36 (1993).  The alleged deprivation must cause an inmate more
than "mere discomfort or inconvenience."  Grant v. Taft, 2007 WL
1469403, *3 (S.D. Ohio May 18, 2007).  Indeed, to qualify as a
"sufficiently serious" deprivation, the prison official's action

or omission must result in the denial of "the minimal civilized measure of life's necessities."  Farmer 511 U.S. at 834.

In addition to demonstrating a "sufficiently serious" injury, an inmate must also provide evidence showing that a prison official had a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).  Specifically, the Supreme Court has held that to be in violation of the Eighth Amendment, a prison official's culpability must rise to the level of deliberate indifference, "a state of mind more blameworthy than negligence."  Farmer, 511 U.S. at 835.  To be found "deliberately indifferent," one must exhibit a "subjective recklessness."  Farmer, 511 U.S. at 839.  Deliberate indifference may be met through "sufficiently harmful" omissions.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Nonetheless, a prison official who is deliberately indifferent shows "more than [an] ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835, citing Whitley v. Albers, 475 U.S. 312, 319 (1986).

With regard to withholding medical care, the Estelle Court explicitly distinguished "deliberate indifference to serious medical needs of prisoners" from "negligen[ce] in diagnosing or treating a medical condition."  429 U.S. at 106.  "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  Id.  Consequently, in order to violate an inmate's Eighth Amendment rights, a prison official must have actual knowledge of a substantial risk of harm.  This means that even if that official is aware of facts from which one could conclude that a substantial risk exists, the official must actually draw that conclusion.  Grant v. Taft, 2007 WL 2007 WL 1469403, *3  (S.D. Ohio May 18, 2007), citing Farmer,

511 U.S. at 839.  A prison official who reasonably responds to a risk of injury posed by a serious medical condition may not be found liable under the Eighth Amendment. Id.

Most of the defendants - all except defendant Dr. Friday, who actually treated Mr. Wirtz for his ankle condition - ask for summary judgment on grounds that they acted only in a supervisory capacity (for example, by responding to grievances) or did not act at all.  They point out that the complaint itself provides few, if any, details as to how each of them allegedly deprived Mr. Wirtz of his right to adequate medical care, and that the complaint either fails to state sufficient facts about their involvement to state a claim for constitutional deprivations, or alleges actions such as responding (or failing to respond) to grievances which, under cases like Shehee v. Luttrell, 199 F.3d 295 (6th Cir. 1999), do not subject them to liability.  Dr. Friday, by contrast, argues that Mr. Wirtz did not "provide evidence of either the objective component or the subjective component of [an Eighth Amendment] claim."  Defendants' motion for summary judgment, Doc. 34, at 13.  If, in fact, Mr. Wirtz's claim against Dr. Friday fails, so would his claim against any other defendant, because it was Dr. Friday who was primarily responsible for examining and treating Mr. Wirtz's medical condition, and if he was not deliberately indifferent to Mr. Wirtz's serious medical needs, no other defendant who concurred in his assessment and treatment could have been deliberately indifferent either.

As discussed above, in order to withstand defendants' motion for summary judgment, Mr. Wirtz must demonstrate that he had a serious medical condition and that Dr. Friday was deliberately indifferent to that condition.  Turning first to the objective component - the existence of a serious medical need - the gist of

Mr. Wirtz's claim is that he suffered serious injury as a result of the delay in obtaining a replacement brace designed to treat his ankle condition.

The issue of whether a delay in medical treatment can constitute an Eighth Amendment violation has been addressed in some detail by the Court of Appeals for the Sixth Circuit.  In Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001), the Sixth Circuit held that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." The requirement of verifying medical evidence "ensure[d] an accurate appraisal of whether the 'alleged deprivation is sufficiently serious.'"  Cain v. Irvin, 286 Fed.Appx. 920 (6th Cir. 2008), quoting Napier (internal citation omitted).  The Sixth Circuit subsequently clarified the scope of this rule in Blackmore v. Kalamazoo County, 390 F.3d 890, 897-898 (6th Cir. 2004), by holding that Napier only applied in cases where the injury is relatively minor or not apparent.  As stated by the Court in Blackmore:

> In sum, the "verifying medical evidence" requirement is relevant to those claims involving minor maladies or non-obvious complaints of a serious need for medical care.  Napier, which was relied upon by the district court, falls within this branch of decisions.  In a word, Napier does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers. Napier applies where the plaintiff's "deliberate indifference" claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious.  In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury.

Id. at 898, citing Napier, 238 F.3d at 742.

The impact of the Sixth Circuit's clarification of <u>Napier</u> was explained by the Court in <u>Cain</u> as follows:

> Our clarification of <u>Napier</u> in <u>Blackmore</u> dictates a two-part inquiry when dealing with the "objectively serious" prong of the <u>Farmer</u> test.  A reviewing court should first determine whether the injury is "obvious," i.e. "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  <u>Id</u>. at 897 (quoting <u>Gaudreault v. Municipality of Salem</u>, 923 F.2d 203, 208 (1st Cir.1990)) (emphasis added).  If there is an obvious need for medical treatment, then the court must determine whether the delay in securing that care was reasonable. <u>Id</u>. at 899-900.  If, however, the injury is not apparent or relatively minor, <u>Napier</u> governs, and a plaintiff must provide "medical evidence" demonstrating that the delay in treatment resulted in additional injury.

Applying this standard to Mr. Wirtz's claim, the Court must first consider whether the ligament laxity in his right ankle mandated treatment or was so obvious that a lay person would perceive the need for immediate medical attention.  Ankle conditions similar to that of Mr. Wirtz, where there is no evidence of fracture or dislocation, have frequently been found by courts not to constitute serious medical conditions.  <u>See Dotson v. Correctional Medical Services</u>, 584 F.Supp.2d 1063 (W.D. Tenn. 2008)(ankle sprain not serious medical need); <u>Bacon v. Harder</u>, 248 Fed.Appx. 759 (7th Cir. 2007)(ankle sprain was not serious medical condition); <u>Galego v. Scott</u>, 2011 WL 6752563 (D. Nev. Sept. 8, 2011)(bone spurs and mild arthritic changes in ankle not serious medical condition); <u>Doumin v. Carey</u>, 2008 WL 4241075 (N.D.N.Y. September 12, 2008)(twisted ankle not a serious medical need); <u>Johnson v. Kachelmeyer</u>, 2006 WL 625837, at *9 (W.D.N.Y. Mar. 9, 2006)(ankle sprain with several contusions not sufficiently serious medical condition); <u>Chatin v. Artuz</u>, 1999 WL 587885, at *3 (S.D.N.Y. Aug. 4, 1999)(soft-tissue swelling

-12-

without ankle dislocation or fracture, and subsequent diagnoses of a bone spur, neuroma and tendinitis, not sufficiently serious to warrant protection under the Eighth Amendment).

Further, while there is some indication in Mr. Wirtz's filings that he was in pain as a result of his ankle condition, there is no evidence suggesting that Mr. Wirtz sought treatment for this pain with any regularity. Simply put, Mr. Wirtz has not provided any evidence that his ankle condition interfered with his daily life or caused him chronic or significant pain. Without any such evidence, the Court cannot find Mr. Wirtz's ankle condition readily distinguishable from any of the conditions discussed above. Consequently, the Court concludes, consistent with courts considering similar conditions, that Mr. Wirtz's ankle condition was nothing more than a minor malady or non-obvious complaint. Under this circumstance, as discussed above, Napier controls and requires Mr. Wirtz to provide medical evidence demonstrating that the delay in receiving his ankle brace resulted in serious medical injury. Id., 238 F.3d at 742. He has not done so here.

Construing the facts in the light most favorable to Mr. Wirtz, there is some evidence that, just prior to the replacement of his ankle brace, he fell while climbing down from his top bunk and injured his head, wrist, shoulder, and thigh. On the other hand, however, there is no evidence that any of these injuries was serious. Rather, the evidence demonstrates that, after his fall on October 20, 2011, Mr. Wirtz had x-rays taken and the results were negative. Although Mr. Wirtz contends that he suffers from wrist and shoulder pain as a result, he provides nothing beyond his conclusory assertion that this is so. Such an assertion, without more, is insufficient to raise a genuine issue of material fact and defeat a properly supported summary judgment motion. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888

(1990).  For these reasons, Mr. Wirtz has failed to demonstrate that he was subjected to additional injury sufficient to cause the delay in receiving his replacement ankle brace to rise to an Eighth Amendment violation.

Turning briefly to the subjective component, assuming Mr. Wirtz had demonstrated the existence of a serious medical need, he is unable to demonstrate Dr. Friday's deliberate indifference. The evidence demonstrates that Mr. Wirtz received adequate medical care following the theft of his ankle brace.  Initially, Mr. Wirtz was seen by a nurse and given an ACE bandage and some ibuprofen and referred to the podiatry clinic.  Subsequently, Dr. Friday diagnosed ankle ligament laxity.  Mr. Wirtz was seen in the health clinic in January, 2011 following a slip and by Dr. Friday in June, 2011 for right ankle pain.  At that time, Dr. Friday determined that Mr. Wirtz's ankle brace should be replaced.  The process for obtaining a new ankle brace was then placed in motion.  When Mr. Wirtz fell shortly before he received his new brace, he had x-rays taken, the results of which were negative.  Mr. Wirtz has not provided evidence of any instances where he sought specific medical treatment and was denied. Further, Mr. Wirtz has provided no evidence suggesting that the delay in receiving his replacement ankle brace was the result of Dr. Friday's purposeful action or inaction.  Further, Mr. Wirtz has provided no evidence that Dr. Friday believed that Mr. Wirtz would suffer serious medical consequences as a result of any delay in receiving a new brace.  For these reasons, Mr. Wirtz has failed to establish deliberate indifference sufficient to demonstrate a violation of the Eighth Amendment.  Consequently, it will be recommended that the defendants' motion for summary judgment be granted.

IV.  <u>Recommended Disposition</u>

For the reasons stated above, it is recommended plaintiff's first motion for summary judgment (#24) be granted on the issue of exhaustion and plaintiff's second motion for summary judgment (#30) be denied.  Further, it is recommended that the defendants' motion for summary judgment (#34) be granted.

V.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
Unites States Magistrate Judge


-15-